NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>VASSILY ANTHONY THOMPSON,<br><br>Defendant-Appellant. | No.   20-30138<br><br>D.C. No. 2:16-cr-00145-TOR-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted February 15, 2022[**]

Before:     FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Vassily Anthony Thompson appeals from the district court's orders denying

his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and

motion for reconsideration.  We have jurisdiction under 28 U.S.C. § 1291.

Reviewing for abuse of discretion, *see United States v. Aruda*, 993 F.3d 797, 799

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2021), we affirm.

Thompson contends that the district court erred by applying U.S.S.G. § 1B1.13, and by finding that he presents an ongoing danger. The record shows, however, that the district court viewed § 1B1.13 as "guidance" and found that it had the discretion to consider reasons beyond those enumerated in the Guideline, which comports with *Aruda. See* 993 F.3d at 801-02. Further, contrary to Thompson's assertion, the record shows that the district court considered all of the arguments Thompson advanced in support of his motions. Finally, the court's conclusion that Thompson's release would pose a danger to the public was supported by Thompson's behavior while on pre-trial release, as well as the court's conclusion under 18 U.S.C. § 3553(a) that the sentence imposed was necessary "to protect the public from defendant's fraudulent conduct." As the court explained, the § 3553(a) sentencing factors continued to support that sentence in light of Thompson's offense conduct and the needs to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence. The court did not abuse its discretion in denying relief. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021); *United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only if its decision is illogical, implausible, or not supported by the record).

**AFFIRMED.**